**Bradley W. BERTRAND, Carl Blaine Bertrand, Jr., and Wesley J. Bertrand, Appellants,**

**v.**

**Robert Earl GRAY and Interfirst Bank Nederland, Appellees.**

**No. 09 85 270 CV.**

Court of Appeals of Texas, Beaumont.

Oct. 16, 1986.

Rehearing Denied Nov. 5, 1986.

C.A. Davis, Hathaway & Davis, Austin, Richard G. Lewis, Boneau & Lewis, Port Arthur, for appellants.

Charles K. Kebodeaux, Orgain, Bell & Tucker, Beaumont, for appellees.

## OPINION

DIES, Chief Justice.

Appellants sued Appellees alleging that prior to October, 1982, the Appellants' father, Dr. Carl Bertrand, caused to be deposited at Interfirst Bank Nederland (Bank) sums of money "which were multiple party accounts. Plaintiffs' [Appellants'] names appeared on those accounts and Plaintiffs held an undivided interest in those accounts."

Plaintiffs also alleged that on or about December 20, 1983, after the death of their father, they made inquiries at the Bank, and especially of Appellee Gray, which produced no information or a denial the Bank held any funds in Appellants' names. It was alleged that the Bank referred Appellants to Dr. Bertrand's second wife, Gail, for information. Appellants sued Appellees under various theories seeking monetary damages and attorneys' fees.

Defendants answered and, inter alia, pleaded immunity under *TEX.PROB. CODE ANN. secs. 436-448* (Vernon 1980), and that Appellants had settled their claim on the moneys on deposit; that said moneys were part of the estate of Dr. Bertrand, whose will was probated.

Thereafter, Appellees filed a motion for summary judgment, alleging, inter alia, that the suit concerned a $120,000.00 Certificate of Deposit in the names of Carl B. Bertrand or Waymond Keith, Bradley W., Carl. B., or Wesley J. or Lema Gail Bertrand, which matured on December 12, 1982. The Investment Account on December 20, 1982, had a balance of $30,000.00 and was in the names of "Dr. Carl B. Bertrand or Wesley J. or Bradley W. or Carl B. Bertrand, Jr., or Lema Gail Bertrand." Both were transferred to the account of Gail, the Certificate of Deposit on December 12, 1982 (a few days before Bertrand, Sr., died), and the Investment Account on December 22, 1982.

"Plaintiffs [Appellants] brought a will contest against the Estate of Carl B. Bertrand, Sr., opposing the admission to probate of a will which provided for special bequests of $10,000.00 to each of the Plaintiffs herein [Appellants]." Appellants also sued Gail Bertrand alleging conversion by her of the Certificate of Deposit and the Investment Account. Both of these actions were compromised and settled, releasing Gail and "persons in privity with her." The Bank was excepted from operation of the release. In this suit against the Bank for conversion, Appellants urge the Certificate of Deposit was wrongfully transferred to the name of Gail Bertrand "without proper endorsement," and that the Bank converted the Investment Account by refusing to disclose its existence to Appellants, and subsequently transferring it to the name of Gail Bertrand.

On the 17th day of October, 1985, the trial court granted Appellees a "Final Summary Judgment." From this judgment Appellants have perfected appeal to this court.

Appellants have three points of error, all of which urge the incorrectness of the summary judgment as it applies to both the Certificate of Deposit and the Investment Account.

■ It is the burden of movant to prove, as a matter of law, that there is no genuine issue of fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). This court, in such determination, must accept as true the non-movant's version of the facts as evidenced by the summary judgment proof and must make every reasonable inference in the non-movant's favor. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Conerly v. Morris*, 575 S.W.2d 633 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). It matters not that the reviewing court may surmise that the party opposing the motion is unlikely to prevail on the merits. *Herold v. City of Austin*, 310 S.W.2d 368 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.).

In reviewing a summary judgment, this court is to disregard all conflicts in the evidence; that is, the proof which tends to support the position of the party opposing the motion is accepted as true and all doubts as to the existence of a genuine issue of a material fact are resolved against the movant. *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972).

As to the Certificate of Deposit, Appellees cite us *TEX.PROB.CODE ANN. sec. 444* (Vernon 1980) which, in part, provides:

"A multiple-party account may be paid, on request, to any one or more of the parties."

So, when the Bank transferred the amount of this Certificate of Deposit to Gail without permission of Appellants, Appellees say no conversion occurred.

However, Appellants state in their brief that the Certificate of Deposit requires an "endorsement" prior to such payment which the Bank did not properly secure. We are unable to find the Certificate of Deposit in our record, but we can take this statement as true. *TEX.R.CIV.P. 419.* If this is true, it could give rise to a breach of contract or a conversion in violation of *TEX.BUS. & COM.CODE ANN. sec. 3.419* (Vernon 1968). *Ames v. Great Southern Bank*, 672 S.W.2d 447 (Tex.1984); *TEX. BUS. & COM.CODE ANN. sec. 3.419(a)(3)* (Vernon 1968).

As to the Investment Account, while a bank has no duty to disclose a depositor's condition to a third party, 92 A.L.R.2d 900 (1963); 9 TEX.JUR.3d *Banks* sec. 150, at 123 (1980), it certainly must make this information available to its depositors. And there is deposition testimony that the Bank refused to give this information to Appellants.

This court does not write advisory opinions. 16 TEX.JUR.3d *Courts* sec. 29, at 267, 269 (1981). We take no position on Appellants' allegations, or Appellees' defenses. What we are saying in this opinion is that genuine fact issues exist to both the Certificate of Deposit and the Investment Account, allegations by Appellants, and

they are entitled to a trial on the merits. The summary judgment of the trial court is, therefore, reversed, and the cause remanded for trial.

Reversed and remanded.