Robert Earl GRAY et al., Petitioners,

v.

Bradley W. BERTRAND et al.,
Respondents.

No. C–6005.

Supreme Court of Texas.

Jan. 28, 1987.

Rehearing Denied March 4, 1987.

Charles K. Kebodeaux, Orgain, Bell & Tucker, Beaumont, for petitioners.

C.A. Davis, Hathaway & Davis, Austin, Richard G. Lewis, Boneau & Lewis, Port Arthur, for respondents.

PER CURIAM.

This is a suit for damages based upon two separate charges of misconduct by InterFirst Bank Nederland. First, the bank is alleged to have paid the proceeds of a multi-party certificate of deposit in violation of the contractual term of endorsement on the certificate. Second, the bank is accused of having denied the existence of an investment account, in effect converting that account. The trial court rendered summary judgment in favor of the defendant bank and its board chairman, Robert Earl Gray, as to both causes of action. The court of appeals reversed that judgment and remanded the case for trial. 718 S.W.2d 908. Before this court, the bank complains only of the court of appeals' holding as to the certificate of deposit. We reverse the judgment of the court of appeals and affirm that of the trial court in respect to the certificate of deposit. The judgment of the court of appeals is affirmed in respect to the investment account.

A certificate of deposit in the amount of $120,000 was issued by InterFirst Bank Nederland in the names of "Dr. Carl B. Bertrand or Waymond Keith, Bradley W., Carl B., or Wesley J. or Lema Gail Bertrand." It matured on December 12, 1982. On December 13, 1982, the certificate of deposit was reissued in the name of Lema Gail Bertrand, Dr. Bertrand's wife, at her request. The certificate of deposit was transferred without an endorsement, but contained the legend "this check deposited to the credit of the payee herein. Absence of endorsement guaranteed. InterFirst Bank Nederland ..." On December 18, 1982, Dr. Carl Bertrand died. On Decem-

ber 20, 1982, three of Dr. Bertrand's sons, Bradley, Carl, and Wesley, inquired at the bank regarding accounts in their names and requested withdrawal of the same. Initially, the bank denied the existence of any accounts in their names. Upon discovery that the multi-party certificate of deposit had been cashed and that the investment account had been transferred to Lema Bertrand, the three sons filed suit against the bank for conversion of the investment account and conversion and breach of contract based on the fact that the certificate of deposit had no endorsement. Endorsement was a contractual condition precedent to receipt of the funds under the terms of the certificate of deposit.

InterFirst Bank Nederland's motion for summary judgment was accompanied by the affidavit of Lema Gail Bertrand, which stated that although the certificate of deposit did not bear her endorsement, the proceeds were transferred to her at her specific request and with her acquiescence. The theory on which summary judgment was granted InterFirst as to the certificate of deposit was that since the proceeds were paid to a party to the certificate, the contractual condition of endorsement was waived. The court of appeals, in reversing the summary judgment, reasoned that if no endorsement was on the certificate of deposit, a breach of contract or conversion action existed.

The court of appeals incorrectly relied upon our holding in *Ames v. Great Southern Bank*, 672 S.W.2d 447 (Tex.1984), for its holding that failure by a bank to obtain the owner's endorsement on a certificate of deposit results in conversion by the bank of the certificate. In *Ames*, the certificate of deposit was payable to one person, Nancy Ames Riviere. Mrs. Riviere's husband was not authorized to sign or receive the proceeds of the certificate of deposit. While Mrs. Riviere was out of town, her bookkeeper, Dealy, cashed the certificate without authorization or endorsement and permitted the funds to be transferred in such a manner that they became available to Mrs. Riviere's husband. Nancy Ames Rivi-

ere brought suit against the bank for disbursing the certificate of deposit proceeds without her endorsement. The trial court found that Dealy had apparent authority to cash the certificate, and that the requirement that the bank obtain a proper endorsement was waived by Nancy Riviere's agent, Dealy. On appeal, this court determined that Dealy did not have apparent authority to waive the requirement of endorsement, and that the financial institution thereby failed to follow its own contract and obtain Mrs. Riviere's endorsement.

Implicit in the *Ames* holding is the recognition that a payee on a certificate of deposit may waive the condition precedent of his or her own endorsement. An effective waiver does not constitute a breach of contract or conversion since a properly payable party received the proceeds of the certificate of deposit. Under *Ames*, "performance of a condition precedent, ... [endorsement] can be waived or modified by a party to whom the obligation was due by word or deed." 672 S.W.2d at 449. The uncontroverted affidavit of Lema Gail Bertrand established that she received payment without endorsement and such was done at her request. Therefore, no genuine issue of disputed fact existed as to waiver and Nederland InterFirst was entitled to a summary judgment on the certificate of deposit. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

We grant the application for writ of error. Pursuant to Tex.R.App.P. 133(b), without hearing oral argument, a majority of this court, because of the conflict in the decision of the court of appeals and our holding in *Ames*, reverses the judgment of the court of appeals and affirms that of the trial court in respect to the cause of action involving the certificate of deposit. The judgment of the court of appeals as to the investment account is affirmed.