**EL PASO NATURAL GAS
COMPANY, Petitioner,**

v.

**G. Phil BERRYMAN, Respondent.**

**No. D–3166.**

Supreme Court of Texas.

May 19, 1993.

Rehearing Overruled June 23, 1993.

Harvey F. Cohen, Austin, Fred Knapp, Jr., Lori M. Gallagher, Roger Townsend—Houston, and Sarah B. Duncan—San Antonio, for petitioner.

James R. Harris, J. Norman Thomas, and Andrew M. Greenwell, Corpus Christi, for respondent.

PER CURIAM.

This is a usury case. The trial court granted summary judgment in favor of petitioner El Paso Natural Gas Company (El Paso) on the grounds of res judicata, collateral estoppel, law of the case, and the "one satisfaction" rule. The court of appeals reversed and remanded, holding that El Paso did not establish these affirmative defenses as a matter of law. 838 S.W.2d 610 (1992). Because we find Berryman's claims barred by the one satisfaction rule and collateral estoppel, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

## I.

Berryman sued both El Paso and El Paso Development Company (Development) for usury in connection with the 1978 sale and financing of a tract of real property. Berryman purchased the land from Development and contracted with Development to finance the land purchase, but asserted at trial that El Paso was also liable as the alter ego of Development. The trial court directed a verdict that El Paso was the alter ego of Development. The jury found that Development had charged usurious interest, awarding Berryman $6,548,772.80 as a penalty, which represented twice the usurious interest contracted for, charged, or received. The trial court rendered judgment against El Paso, as well as Development, based on alter ego. After judgment, Berryman filed a motion to modify the judgment, asking instead for three times the usurious interest.[1] The trial court denied the motion.

Upon appeal, the court of appeals affirmed the judgment against Development, but reversed and remanded as to El Paso, holding that there was some evidence of separateness and that a jury question on the alter ego status of El Paso should have been submitted. *El Paso Dev. Co. v. Berryman,* 769 S.W.2d 584, 592–93 (Tex. App.—Corpus Christi 1989, writ denied)

(hereinafter *Berryman I*). The court of appeals also upheld the award of double usury rather than triple. *Id.* at 593.

After remand, Berryman and Development settled the judgment as modified. The parties stipulated that the payment of funds satisfied in full those monies due from Development under the modified judgment, but did not satisfy any claims Berryman might have against El Paso. Berryman then filed new pleadings in the remanded action against El Paso, alleging that El Paso was liable on the grounds that (1) Development was the alter ego of El Paso, (2) Development's corporate status was a sham to perpetrate a fraud by El Paso, (3) Development's corporate veil should be pierced, and (4) Development was the agent of El Paso, and that as principal, El Paso received and retained benefits from the usurious transaction.

The trial court granted El Paso's motion for summary judgment on the grounds of res judicata, collateral estoppel, law of the case, and the one satisfaction rule. The court of appeals reversed and remanded, holding that (1) there was no final judgment against El Paso disposing of the claim of alter ego liability; (2) Berryman's Fourth Amended Petition gave rise to a "suggestion" that El Paso was directly rather than just derivatively liable for usury, thus Berryman had pleaded a new case against El Paso; and (3) Berryman could, upon a finding that El Paso charged usurious interest, recover up to three times the usurious amount charged from El Paso. We disagree. Summary judgment was proper based on the one satisfaction rule and collateral estoppel.

## II.

■ Berryman's allegations of alter ego, sham to perpetrate a fraud, and piercing of the corporate veil all involve the same claim—that El Paso and Development were one and the same, and therefore El Paso was liable as the alter ego of Development.

---

**1.** Berryman had requested only twice the usurious interest in his pleadings, although the applicable usury statute provides that any person who contracts for, charges, or receives usurious interest must forfeit three times the amount of usurious interest as a penalty. Tex.Rev.Civ.Stat. Ann. art. 5069–1.06(1) (Vernon 1987).

The court of appeals correctly recognized that Berryman's claims of liability based on alter ego or agency were claims of derivative liability dependent on Development's liability. 838 S.W.2d at 612–13. However, the court of appeals erred when it concluded that Berryman's claim that El Paso received usurious interest also suggested a claim of El Paso's direct liability.

Berryman's only allegation that El Paso received the benefits of a usurious transaction was raised in connection with Development's role as the agent of El Paso. This too was an assertion of derivative, rather than direct, liability.

A finding that El Paso was the alter ego or the principal of Development would make El Paso jointly and severally liable for the damages assessed against Development in *Berryman I.* However, these claims are extinguished by the one satisfaction rule. The one satisfaction rule provides that a party which suffers but one injury can recover only one satisfaction for damages arising from that injury. *See, e.g., Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 5–6 (Tex.1991); *Bradshaw v. Baylor Univ.,* 126 Tex. 99, 84 S.W.2d 703, 705 (1935). This rule prevents a claimant from recovering more than the amount required for full satisfaction of his damages. *T.L. James & Co. v. Statham,* 558 S.W.2d 865, 868 (Tex.1977).

Development paid Berryman $20,013,-020.22 in full settlement of his usury damages, refund of principal paid, attorney's fees and post-judgment interest. None of these damages, for which El Paso could be derivatively liable if found to be the alter ego or principal of Development, are left unsatisfied.

### III.

The court of appeals also erred by holding that a finding of derivative liability against El Paso would permit Berryman to recover the additional "third multiple" of usury damages, that is, the difference between three times usurious interest, as permitted by TEX.REV.CIV.STAT.ANN. art. 5069–1.06(1), and the two times usurious interest awarded to Berryman and paid by Development in *Berryman I.* 838 S.W.2d at 615–

16. This claim is extinguished by collateral estoppel.

 In order to invoke the doctrine of collateral estoppel, a party must establish "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Mower v. Boyer,* 811 S.W.2d 560, 563 (Tex.1991); *Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990); *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex. 1984).

El Paso's only liability would be derivatively based on Development's liability as El Paso's alleged agent. The issue of usury damages was fully and finally litigated against Development in *Berryman I,* and affirmed by the court of appeals in that case. *Berryman I,* 769 S.W.2d at 593. Under the principles enunciated in *Mower, Eagle Properties,* and *Bonniwell,* Berryman is collaterally estopped from claiming additional usury damages from El Paso based on derivative liability.

Pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, a majority of this court grants petitioner's writ of error, reverses the judgment of the court of appeals, and affirms the judgment of the trial court.