TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00690-CV






David S. Minter, Appellant



v.



Systex, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 96-02033-A, HONORABLE PAUL DAVIS, JUDGE PRESIDING 






PER CURIAM


 This is an appeal from a summary judgment in favor of appellee Systex, Inc. Appellant
David S. Minter asks this Court to determine whether the trial court properly granted summary judgment
in a suit for the alleged breach of a consulting agreement by concluding that the agreement was
unambiguous as a matter of law and that it had expired under its own terms. We will affirm the judgment
of the trial court. 


SUMMARY OF FACTS


 In May 1993, Minter entered into a consulting agreement with The Paddocks at Commons
Ford Corporation (the "Paddocks") (1) for the purpose of developing fourteen residential lots owned by the
corporation and located on Commons Ford Road in Travis County. (2) In addition to a consultant fee of
$4,200.00 per month for a period of twelve months, the agreement also provided Minter with the following
additional compensation: (1) the right to live in a house on the property; (2) an option to purchase that
house; and (3) a forty percent interest in the net profits received from the sale of each of the subdivided lots.

 Pursuant to the terms of the agreement, Minter exercised his option to purchase a house. 
In an effort to finance his purchase, a note was executed in the amount of $117,900 to the Paddocks. The
note was secured by a lien on the house and lot. Minter completed his work on the project but before he
was fully compensated, the Paddocks sold the development to Systex, which continued to market the
subdivided lots but declined to make any payments to Minter. Minter was unable to make continued
payments on the note and subsequently, the Paddocks foreclosed on the note causing Minter to lose his
equity in the property and the house. Minter filed suit against the Paddocks and its president, E. Lynn
Thompson, and against Systex, seeking an accounting and compensation under the agreement for work
performed prior to the sale. Systex responded by general denial and filed a motion for summary judgment
asserting that section 2.01 of the agreement, which sets forth the term of the agreement, absolves it of any
obligation to Minter. Summary judgment was granted in favor of Systex, and Minter appeals by asserting
two points of error in which he urges that (1) the contract bound Systex as a successor-in-interest, or, in
the alternative (2) a genuine issue of material fact exists therefore precluding summary judgment. 

STANDARD OF REVIEW


 The function of summary judgment is not to deprive a litigant of its right to a full hearing on
the merits of any real issue of fact but is to eliminate patently unmeritorious claims and untenable defenses. 
Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952). The standards for reviewing summary judgment
are well established: (1) the movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). The purpose of the summary judgment rule is not to provide either a trial by deposition or
a trial by affidavit but to provide a method of summarily terminating a case when it clearly appears that only
a question of law is involved and that no genuine issue of material fact remains. Gaines v. Hamman, 358
S.W.2d 557, 563 (Tex. 1962).

 Summary judgment is proper for a defendant if its summary judgment proof establishes,
as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential
elements of the plaintiff's cause of action. Gray v. Betrand, 723 S.W.2d 957, 958 (Tex. 1987); see
Valles v. Texas Comm'n on Jail Standards, 845 S.W.2d 284 (Tex. App.--Austin 1992, no writ). 
Summary judgment is proper in cases involving the construction of a written instrument when the instrument
is determined to be unambiguous. See Preston Ridge Fin. Servs. v. Tyler, 796 S..2d 772, 775 (Tex.
App.--Dallas 1990, writ denied). Whether a contract is ambiguous is a question of law for the court to
decide by looking at the contract as a whole in light of the circumstances present when the contract was
entered. Coker v. Coker, 650 S.W.2d 391, 394 (Tex. 1983). 


ANALYSIS 


 In Minter's first point of error, he asserts that the trial court erred in granting Systex's
motion for summary judgment because, as a matter of law, the contract at issue bound Systex as a
successor-in-interest. In support of his argument, Minter relies on section 5.03 of the contract which
provides the following

:

This Agreement shall be binding on and inure to the benefit of the respective heirs,
successors-in-interest, executors, administrators of the parties, except to the extent of
any contrary provision in this Agreement. For purposes of this Agreement, successors-in-interest shall be the surviving corporation in the event of the merger of any party hereto,
the shareholders of any party thereto in the event of dissolution, and the purchaser in the
event of a sale of assets by any party hereto.



(Emphasis added.) We can not construe the meaning of this provision without also considering the
agreement in its entirety. See Universal C.I.T. Credit Corp. v. Daniel, 243 S.W.2d 154, 158 (Tex.
1951). No single provision taken alone will be given controlling effect; rather, all of the provisions must
be considered with reference to the whole instrument. Myers v. Gulf Coast Minerals Management
Corp., 361 S.W.2d 193, 196 (Tex. 1962). 

 Section 2.01 addresses the term of the agreement and provides as follows:


The term of this Agreement shall be for so long as Company shall own any of the
Properties or for the duration of Consultant's life, whichever comes first, commencing on
the effective date hereof. 



(Emphasis added.) Courts must fa5vor an interpretation that affords some consequence to each part of
the instrument so that none of the provisions will be rendered meaningless. Coker v. Coker, 650 S.W.2d
391, 394 (Tex. 1983). In harmonizing these provisions, terms stated earlier in an agreement must be
favored over subsequent terms. Id. at 394. 

 The plain language of section 2.01 provides that the consulting agreement between the
parties terminates upon the alienation of all of the properties owned by the Paddocks. The record that was
before the trial court clearly demonstrates that the basis of Minter's claims was the Paddocks' sale of their
"principal assets" to Systex and that those assets included the properties at issue. We, therefore, conclude
that section 2.01 is clear and unambiguous in its meaning that the terms of the consulting agreement
terminated upon the sale of the properties at issue to Systex. Minter's assertion that Systex is a successor-in-interest to the provisions of the agreement fails because section 5.03 specifically provides that it is only
effective to the extent that it is not in conflict with any contrary provision in the agreement. Because we
have previously concluded that section 2.01 is clear and unambiguous, we also conclude that its provisions
are controlling. 

 The trial court correctly concluded that the provisions of the consulting agreement are
unambiguous as a matter of law. Minter's first point of error is overruled. (3)

CONCLUSION 


 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: May 1, 1997

Do Not Publish

1. The Paddocks at Commons Ford is a defendant in trial court cause number 96-02033, Minter
v. The Paddocks at Commons Ford, et. al., from which this case was severed. 
2. Although the agreement was subsequently modified, the modifications do not affect the primary
obligation that formed the basis of Minter's suit. 
3. Because we have concluded that the provisions of the agreement expired by its own terms, we
decline to address Minter's second point of error.


57, 958 (Tex. 1987); see
Valles v. Texas Comm'n on Jail Standards, 845 S.W.2d 284 (Tex. App.--Austin 1992, no writ). 
Summary judgment is proper in cases involving the construction of a written instrument when the instrument
is determined to be unambiguous. See Preston Ridge Fin. Servs. v. Tyler, 796 S..2d 772, 775 (Tex.
App.--Dallas 1990, writ denied). Whether a contract is ambiguous is a question of law for the court to
decide by looking at the contract as a whole in light of the circumstances present when the contract was
entered. Coker v. Coker, 650 S.W.2d 391, 394 (Tex. 1983). 


ANALYSIS 


 In Minter's first point of error, he asserts that the trial court erred in granting Systex's
motion for summary judgment because, as a matter of law, the contract at issue bound Systex as a
successor-in-interest. In support of his argument, Minter relies on section 5.03 of the contract which
provides the following

:

This Agreement shall be binding on and inure to the benefit of the respective heirs,
successors-in-interest, executors, administrators of the parties, except to the extent of
any contrary provision in this Agreement. For purposes of this Agreement, successors-in-interest shall be the surviving corporation in the event of the merger of any party hereto,
the shareholders of any party thereto in the event of dissolution, and the purchaser in the
event of a sale of assets by any party hereto.



(Emphasis added.) We can not construe the meaning of this provision without also considering the
agreement in its entirety. See Universal C.I.T. Credit Corp. v. Daniel, 243 S.W.2d 154, 158 (Tex.
1951). No single provision taken alone will be given controlling effect; rather, all of the provisions must
be considered with reference to the whole instrument. Myers v. Gulf Coast Minerals Management
Corp., 361 S.W.2d 193, 196 (Tex. 1962). 

 Section 2.01 addresses the term of the agreement and provides as follows:


The term of this Agreement shall be for so long as Company shall own any of the
Properties or for the duration of Consultant's life, whichever comes first, commencing on
the effective date hereof. 



(Emphasis added.) Courts must fa5vor an interpretation that affords some consequence to each part of
the instrument so that none of the provisions will be rendered meaningless. Coker v. Coker, 650 S.W.2d
391, 394 (Tex. 1983). In harmonizing these provisions, terms stated earlier in an agreement must be
favored over subsequent terms. Id. at 394. 

 The plain language of section 2.01 provides that the consulting agreement between the
parties terminates upon the alienation of all of the properties owned by the Paddocks. The record that was
before the trial court clearly demonstrates that the basis of Minter's claims was the Paddocks' sale of their
"principal assets" to Systex and that those assets included the properties at issue. We, therefore, conclude
that section 2.01 is clear and unambiguous in its meaning that the terms of the consulting agreement
terminated upon the sale of the properties at issue to Systex. Minter's assertion that Systex is a successor-in-interest to the provisions of the agreement fails because section 5.03 specifically provides that it is only
effective to the extent that it is not in conflict with any contrary provision in the agreement. Because we
have previously concluded that section 2.01 is clear and unambiguous, we also conclude that its provisions
are controlling. 

 The trial court correctly concluded that the provisions of the consulting agreement are
unambiguous as a matter of law. Minter's first point of error is overruled. (3)

CONCLUSION 


 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: May 1, 1997