Debra Faye Rashti COHEN, Donna Kaye Rashti, Denise Jaye Rashti, and Michael Rashti, Appellants,

v.

ARTHUR ANDERSEN, L.L.P., Bradley A. Roe, Ted E. McElroy, and D. Stephen Goddard, Appellees.

No. 01–02–00151–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 2003.

Daniel J. Petroski, Vahldiek, Cano, & Petroski, Houston, TX, for Appellants.

Jeffry Joe Cotner, Scott A. Humphries, Jennifer Horan Greer, Grant J Harvey, Gibbs & Bruns, L.L.P., Joseph M. Nixon, Houston, TX, for Appellees.

Panel consists of Justices HEDGES, JENNINGS and ALCALA.

## OPINION

ADELE HEDGES, Justice.

This is an appeal from two orders granting appellees' motion for summary judgment with respect to fraud, conspiracy, and negligent misrepresentation claims. In five points of error, appellants contend that the trial court erred in rendering summary judgment because:(1) they produced sufficient summary judgment evidence to create a fact issue on (a) whether they justifiably relied on appellees' representations, (b) whether they suffered damages as a result of their justifiable reliance on appellees' representations, and (c) whether appellees and settling defendant conspired to misappropriate funds from the appellants' trusts; (2) expert testimony is not required for a negligent misrepresentation claim; and (3) the one satisfaction rule is not applicable. We affirm.

### Background

Plaintiffs/appellants, Debra Faye Rashti Cohen, Donna Kaye Rashti, Denise Jaye Rashti, and Michael Rashti, the children, sued their parents, Dr. Edward Rashti and his wife, Bonell, appellants' parents, in trial cause number 98–18045 for (1) fraud, (2) breach of fiduciary duty, (3) conversion, (4) breach of contract, and (5) conspiracy. The children also sued defendants/appellees, Arthur Andersen L.L.P., Bradley A. Roe, Ted E. McElroy, and D. Stephen Goddard, in trial cause number 98–47752 for (1) negligent misrepresentation, (2) fraud, and (3) conspiracy. The cause of actions were consolidated. Andersen filed a motion for summary judgment alleging that it was entitled to judgment as a matter of law as to the negligent misrepresentation, fraud, and conspiracy claims, and alleging that the children had presented no evidence of reliance or damages. The children filed a response to this motion, and Andersen filed a reply to the re-

sponse. On April 10, 2001, the trial court granted Andersen's motion for summary judgment with respect to the fraud and conspiracy claims. The children then settled the suit against their parents. Andersen then filed a supplemental motion for summary judgment, a no-evidence motion for summary judgment, and a motion for application of settlement credit. The children responded to this motion, and Andersen replied to the children's response with objections to the children's summary judgment evidence. On January 11, 2002, the trial court granted Andersen's motion for summary judgment with respect to the negligent misrepresentation claim, and sustained Andersen's objections to the children's summary judgment evidence.

## Standard of Review

A movant in a traditional summary judgment has the burden to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). One way a movant satisfies this requirement is by proving conclusively that the nonmovant cannot prevail by showing that at least one element of the movant's cause of action has been conclusively established against him. *Bradt v. West,* 892 S.W.2d 56, 65 (Tex. App.-Houston [1st Dist.] 1994, writ denied) (citing *Gray v. Bertrand,* 723 S.W.2d 957, 958 (Tex.1987)). A matter is conclusively established for summary judgment purposes if ordinary minds cannot differ regarding the conclusion to be drawn from the evidence. *Bradt,* 892 S.W.2d at 65. When a movant conclusively negates a necessary element of the nonmovant's claim, the nonmovant, to avoid summary judgment, must then introduce evidence that raises a fact issue on the element the movant is trying to negate. *Id.* If the nonmovant fails to introduce such evidence, i.e., if the summary judgment evi-

dence establishes that there are no genuine issues of material fact, then summary judgment is proper. *Id.*

A no-evidence motion for summary judgment is proper when there is a complete absence of evidence of one or more essential elements of a claim or defense on which an adverse party has the burden of proof at trial. Tex.R. Civ. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex.2002). The motion must state the elements as to which there is no evidence. *Id.*

In reviewing a summary judgment, we assume all the evidence favorable to the nonmovant is true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in favor of the nonmovant. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex.2001). When the trial court's summary judgment order does not specify the ground or grounds on which summary judgment is granted, we will affirm the summary judgment if any of the grounds stated in the motion is meritorious. *Id.* (citing *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989)).

## Fraud

■ In their first and second points of error, the children contend that produced sufficient summary judgment evidence to create a fact issue on (a) whether they justifiably relied on appellees' representations, and (b) whether they suffered damages as a result of their justifiable reliance on appellees' representations, with regard to their fraud claim. In its first motion for summary judgment, Andersen alleged, *inter alia,* that the fraud claim had to be dismissed because there was no evidence that the children justifiably relied on, or suffered damages as a result of, Andersen's alleged fraudulent representations.

The children responded to the motion for summary judgment, but they did not raise a fact issue with respect to the damage element of the fraud claim. Subsequently, the trial court granted Andersen's motion for summary judgment with respect to the fraud claim.

The children had the burden to prove that they suffered damages as a result of Andersen's alleged fraudulent representations. In the children's response to the motion for summary judgment, they did not provide evidence that raised a fact issue as to the existence and amount of damages the children incurred with respect to the fraud claim. Thus, the trial court did not err in rendering summary judgment for Andersen.

We overrule the children's first and second points of error with respect to their fraud claim.

### Civil Conspiracy

■ In their fourth point of error, the children contend that the trial court erred in rendering summary judgment as to the conspiracy claim. To prevail on their conspiracy theory, the children had to establish the following elements: (1) a combination of two or more persons, (2) an object to be accomplished (an unlawful purpose or a lawful purpose by unlawful means), (3) a meeting of minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex.1998). In its first motion for summary judgment, Andersen argued that the children's conspiracy claim was precluded as a matter of law because (1) there was no unlawful act, and (2) Dr. Rashti's affidavit negates any contention that Andersen and Dr. Rashti agreed to

defraud the children. In the affidavit, Dr. Rashti stated the following:

> I never asked Arthur Andersen to provide false information to my children, nor did Arthur Andersen ever agree or indicate to me that it would do so .... nor has it [Andersen] ever assisted or conspired with me to defraud, deceive or trick my children in any way. Similarly, I never asked anyone at Arthur Andersen to do anything to harm my children or their interests in the Trusts, nor did Arthur Andersen ever agree or indicate to me that it would do so.

> \* \* \* \* \*

> Finally, I never conspired with Arthur Andersen to commingle the Four Trusts' funds with other funds.

When a movant conclusively negates a necessary element of the nonmovant's claim, the nonmovant, to avoid summary judgment, must then introduce evidence that raises a fact issue on the element the movant is trying to negate. The children filed a response to the motion for summary judgment, but they did not provide evidence that raised a fact issue as to the existence of an agreement between Dr. Rashti and Andersen to defraud the children.[1] Therefore, the trial court did not err in rendering summary judgment in favor of Andersen with respect to the conspiracy claim.

We overrule the children's fourth point of error.

### One Satisfaction Rule

In its supplemental motion for summary judgment, Andersen argued, *inter alia*, that as a matter of law the negligent misrepresentation claim must be dismissed

---

1. The thrust of the children's response to Andersen's motion for summary judgment is best exemplified by this quote, "[p]laintiffs [the children] have presented sufficient summary judgment evidence to defeat Arthur Andersen's motion as to their 'reliance' issue."

under the one satisfaction rule. In their fifth point of error, the children argued that the one satisfaction rule was not applicable, and alternatively, if the one satisfaction rule was applicable, that their damages were not entirely offset by the settlement.

The one satisfaction rule prohibits a plaintiff from recovering twice for a single injury. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex.2000); *Buccaneer Homes of Alabama, Inc. v. Pelis*, 43 S.W.3d 586, 589 (Tex.App.-Houston [1st Dist.] 2001, no pet.). This rule applies when multiple defendants commit the same act or when multiple defendants commit technically different acts that result in a single injury. *Crown Life*, 22 S.W.3d at 390. "The nonsettling defendant is entitled to offset any liability for joint and several damages by the amount of common damages paid by the settling defendant, but not for any amount of separate or punitive damages paid by the settling defendant." *Id.* at 391–92.

The children contend that the one satisfaction rule is not a ground upon which to grant a motion for summary judgment. *See Byrd v. Woodruff*, 891 S.W.2d 689, 702 (Tex.App.-Dallas 1994, writ denied). In *Byrd*, the Dallas Court of Appeals held that application of a credit under the one satisfaction rule does not affect a nonsettling party's liability for its wrongful acts or the assessment of damages against the party. *Id.* The court concluded that any credit for settlements made by other alleged tortfeasors must be applied *after* the trier of fact determines a party's liability. *Id.* To hold otherwise, the court reasoned, would mean that the nonsettling tortfeasor would "unjustly reap a windfall from the settlements made by other settling tortfeasors." *Id.*

The children also rely on *Vanasek v. Underkofler*, 50 S.W.3d 1, 10 (Tex. App–

Dallas 1999), *aff'd in part rev'd in part Underkofler v. Vanasek*, 53 S.W.3d 343, 346 (Tex.2001), to support their contention that the one satisfaction rule is not a ground upon which to grant a motion for summary judgment. The children's reliance on *Vanasek* is misplaced. In *Vanasek*, the Dallas Court of Appeals stated,

> We conclude Underkofler has not shown that the one satisfaction rule entitles him to summary judgment in this case.... [E]ven if Underkofler [nonsettling defendant] is entitled to a credit against any of his tort liability by the amount of the settlement of Vanasek's underlying contract claims, we have already held that Underkofler has not conclusively established that Vanasek received full satisfaction for his injury by settling the underlying case. Absent such a determination, the application of the one satisfaction rule would not bar Vanasek's recovery, but merely result in Underkofler receiving a credit against his liability in the amount of Vanasek's settlement.

*Vanasek*, 50 S.W.3d at 10.

The supreme court affirmed this holding stating,

> Underkofler was not entitled to summary judgment on the basis that Vanasek's settlement of the underlying case eliminated any claim for damages.... [T]hese facts do not support Underkofler's position ... that as a matter of law Vanasek has conclusively received full satisfaction for his injury by settling the underlying case.

*Underkofler v. Vanasek*, 53 S.W.3d 343, 346 (Tex.2001).

If it was settled law that the one satisfaction rule is not a ground upon which to grant a motion for summary judgment, then presumably the Dallas Court of Appeals and the supreme court would have

relied on it, not on the determination that as matter of law the nonsettling party had not conclusively established that the plaintiff received full satisfaction for his injury by settling the underlying case. Furthermore, the justification given by the *Byrd* court for holding that settlement credits must be applied after the trier of fact determines the nonsettling party's liability, does not apply to the facts of this case. *Byrd,* 891 S.W.2d at 702 (concluding that "[o]therwise, a nonsettling tortfeasor would unjustly reap a windfall from the settlements made by other settling tortfeasors."). In *Byrd,* the court relied on *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 9 (Tex.1991), to support this proposition. *Byrd,* 891 S.W.2d at 702. In *Stewart Title,* the timing of the application of the settlement credit affected the amount of the punitive damages the nonsettling party had to pay. *Stewart Title,* 822 S.W.2d at 8–10. If the credit was applied pre-trebling, the damages would be trebled at a lower rate than if the credit was applied post-trebling. *Id.* The policy reasons for crediting settlement monies after the damages have been trebled are not present in cases that do not involve statutory trebling. In this case, because punitive damages are not at issue, applying the settlement credit before the trier of fact determines the nonsettling party's liability will not affect the amount for which the nonsettling party will be liable and, thus, will not enable the nonsettling party to "unjustly reap a windfall."

Moreover, the *Byrd* opinion is inconsistent. The court first states that "any credit for settlements made by other alleged tortfeasors must be applied *after* the trier of fact determines a party's liability." *Byrd,* 891 S.W.2d at 702. However, the court then analyzes the summary judgment evidence as it pertains to the Smilack settlement, concludes that the one satisfaction rule applies, and holds that the non-

settling defendant is entitled to a $4700 credit "against any adverse judgment that might be entered against her as a result of Kassie's [plaintiff's] claims." *Id.* The court goes through the same steps of analyzing the evidence, determining whether the one satisfaction rule applies, and if it does apply, holding that the nonsettling defendant is entitled to a credit in the amount of the settlement. *Id.* at 702–03 The court held that the nonsettling defendant was entitled to a credit for every settlement except one. *Id.* Because the nonsettling defendant did not present any summary judgment evidence to support her ground of double recovery, i.e., there was no evidence in the record that the plaintiff had ever received the $6000 Collin County settlement payment, the court held that the nonsettling defendant was not entitled to a credit for that amount. *Id.* at 703.

Furthermore, in *El Paso Natural Gas Co. v. Berryman,* the supreme court held that summary judgment was proper based on the one satisfaction rule and collateral estoppel. 858 S.W.2d 362, 363 (Tex.1993). The court stated that a finding that the nonsettling defendant was the alter ego or the principal of the settling defendant would make the nonsettling defendant jointly and severally liable for the damages assessed against the settling defendant in *Berryman I.* *Berryman,* 858 S.W.2d at 364. "However, these claims are extinguished by the one satisfaction rule." *Id.* The settling defendant paid the plaintiff $20,013,020.22 in full settlement of his usury damages, refund of principle paid, attorney's fees and post-judgment interest. *Id.* "None of these damages, for which El Paso [nonsettling defendant] could be derivatively liable if found to be the alter ego or principle of Development [settling defendant], are left unsatisfied." *Id.*

▪ The one satisfaction rule is a ground for summary judgment in cases

when (1) the one satisfaction rule applies, (2) the settlement credit entirely sets-off the maximum amount of liability claimed by the plaintiff, and (3) punitive damages are not at issue. To hold otherwise, would be to encourage judicial inefficiency and we will not do that.

Having decided that the one satisfaction rule is a ground upon which summary judgment can be granted, we apply it to this case. A nonsettling party seeking a settlement credit has the burden to prove its right to such credit. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex.1998). This burden includes proving the settlement credit amount. The nonsettling party can meet this burden by placing the settlement agreement or some evidence of the settlement amount in the record. *Id.* If the nonsettling party meets this burden, the burden shifts to the plaintiff to tender a valid settlement agreement allocating the settlement between (1) damages for which the settling and nonsettling defendant are jointly liable, and (2) damages for which only the settling party was liable. *Crown Life*, 22 S.W.3d at 392. If the plaintiff cannot satisfy this burden, then the nonsettling party is entitled to a credit equaling the entire settlement amount. *Ellender*, 968 S.W.2d at 928.

Andersen proved that it is entitled to a credit for any settlement amount representing joint damages. The damages allegedly caused by Andersen were also caused by Dr. Rashti. The children allege that Andersen made negligent misrepresentations that covered up Dr. Rashti's misappropriation of trust assets. The children seek the value of the trust assets misappropriated. Although the causes of action alleged are technically different, they resulted in a single injury, loss of

trust assets.[2] *Crown Life*, 22 S.W.3d at 390. Andersen offered proof, in the form of a letter written by the children's counsel, that the settlement amount was at least $1,198,000.

The children do not dispute that the settlement agreement covered at least $1,198,000 in assets, but contend that the settlement credit should be reduced by 30% because they owned 30% of the assets of EJR & Associates before the agreement. There is nothing on the face of the settlement agreement recognizing that the children already owned 30% of the assets of EJR & Associates. The children cite no authority to support this theory of reduction. The children also contend that the value of the Kirby lot should be $0 because they gave up the 30% present interest they owned before the settlement agreement, in return for 100% of the remainder interest. The children cite no authority to support this theory of reduction. Moreover, the children contend that the settlement credit should be reduced by the amount of money they spent on repairs and improvements to the Galveston House. Again, the children cite no authority to support this theory of reduction.

Thus, the burden shifted to the children to tender a valid settlement agreement allocating the settlement between (1) damages for which their parents and Andersen are jointly liable and (2) damages for which only their parents are liable. *See Crown Life*, 22 S.W.3d at 392. Because the settlement agreement does not make any allocations, the children cannot satisfy their burden. Therefore, Andersen is entitled to a credit equaling the entire settlement amount, i.e. $1,198,000. *See Ellender*, 968 S.W.2d at 928.

**2.** The children allege that they were damaged in the amount of $390,000 in cash, $350,000 in bonds, and $250,000 representing the sale of a real estate lien note.

The children concede that Andersen's negligent misrepresentations, at most, caused $994,000 in damages. Because the settlement credit entirely offsets the maximum amount of damages the children claim to have suffered as result of Andersen's negligent misrepresentations, the trial court did not err in granting summary judgment in favor of Andersen with respect to the negligent misrepresentation claim.

We overrule the children's fifth point of error.

Because our holding is dispositive, we decline to address appellants' other points of error.

### Conclusion

We affirm the trial court's judgment.