**Affirmed and Memorandum Opinion filed March 23, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-22-00303-CV

**ALAN W. NALLE, SR., Appellant**

**V.**

**KATHRYN HALE, Appellee**

**On Appeal from the 459th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-20-005928**

## MEMORANDUM OPINION

This is a summary judgment case. Appellant Alan W. Nalle, Sr. sued appellee Kathryn Hale alleging various causes of action related to a dispute with his community's homeowner's association. Hale eventually filed a motion for summary judgment on Nalle's causes of action, which the trial court granted. Because we conclude that the trial court committed no reversible error when it granted Hale's motion for summary judgment, we affirm.

BACKGROUND

This litigation originally arose out of a dispute between Nalle and his homeowner's association, the Westlake Oaks Property Owners Association, Inc. (Westlake). Nalle believed that Westlake, its Architectural Control Committee (the Committee), and Board of Directors violated Westlake's protective covenants by approving plans and then granting a construction variance for a new house being constructed on the lot next to Nalle's house. At the time the variance was approved, Hale was serving as a voluntary member of the Committee. Hale signed the variance in her capacity as a representative of the Committee.

Appellant filed suit against Westlake alleging claims for breach of contract for failing to enforce protective covenants, negligence, and "intentional conduct" that violated Nalle's "right to privacy and right to quiet enjoyment of his home." Among other allegations, Nalle alleged that the Committee "did not act reasonably in granting approval" of the new construction "and instead acted arbitrarily without fair, solid and substantial cause or reason and took action without consideration and in disregard of the facts and circumstances of the matter." Nalle further alleged that he had provided "a list of errors in the approval process made by the architect and by the [Committee] that demonstrated that the [Committee] had failed to properly conform to the requirements of the [protective covenants] in granting its approvals and that such approvals were in violation of the [protective covenants]." In addition to other allegations against the Committee, Nalle alleged that the Board and then the Committee "did not act reasonably in granting the variance, and instead acted arbitrarily without fair, solid and substantial cause or reason and took action without consideration and in disregard of the facts and circumstances of the matter." Finally, Nalle sought recovery of the following damages:

(a) Actual or economic damages for at least $1,000,000.00, and

(b) Special or consequential damages to be determined by a jury, in an amount of at least $1,000,000.00, including for the violation of plaintiff's right to privacy and right to quiet enjoyment of his home, and

(c) Additional damages, past and future, for loss of use and enjoyment of his property until elimination of the nuisance described above, and

(d) Pleading further, and alternatively, if necessary, Defendant is guilty of misconduct which was committed in reckless and callous disregard of the legitimate rights of the Plaintiff so far as to justify the imposition of exemplary damages. Plaintiff seeks recovery of such exemplary damages from Defendant.

Westlake made an offer to settle Nalle's lawsuit pursuant to Rule 167.2 of the Texas Rules of Civil Procedure and Chapter 42 of the Texas Civil Practices and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 42.001 et seq; Tex. R. App. P. 167.2. Among other provisions, the settlement offer provided that Westlake was offering "to settle all claims that have been asserted or that could have been asserted by Plaintiff against any Defendant who have been named as parties to this cause of action in any way related to, based upon, or arising out of any of the facts, events, occurrences, circumstances, acts, omissions, transactions, or relationships described in Plaintiff's Second Amended Petition." The settlement offer further provided that Westlake would pay Nalle $300,000 in full and final settlement of all claims "including all monetary damages, statutory or exemplary damages, attorney's fees, court costs, and interest that could be recoverable against any Defendant who have been named as parties to this lawsuit as of the date of this offer." Finally, the settlement offer provided that it was "subject to the execution of a written settlement agreement, and the dismissal with prejudice of all claims against Defendant Westlake and its current and former officers, board members, agents, attorneys, representatives, heirs, and assigns."

3

Nalle timely accepted Westlake's offer. Efforts to draft the required written settlement agreement stalled over whether the individual Board members, officers, agents, and other representatives of Westlake should be included. Nalle filed a motion to enforce the settlement and the trial court held a non-evidentiary hearing and eventually issued its decision in a letter. The parties then executed a written settlement agreement based on the trial court's letter. The executed Settlement Agreement recited that:

> WHEREAS . . . Defendant Westlake offered to settle all claims that have been asserted or that could be asserted by Plaintiff against any Defendant who have been named as parties to this cause of action in any way related to, based upon, or arising out of any of the facts, events, occurrences, circumstances, acts, omissions, transactions or relationships described in Plaintiff's Second Amended Original Petition.
>
> WHEREAS, Defendant offered to pay [$300,000.00] to Plaintiff Nalle in full and final settlement of all claims described in the paragraph above, including all monetary damages, statutory or exemplary damages, attorney's fees, court costs, and interest that could be recoverable against any Defendant who have been named as parties to this lawsuit as of the date of this offer.
>
> WHEREAS Defendant made its Offer of Settlement, and Plaintiff accepted the Defendant's Offer of Settlement, subject to the execution of a written settlement agreement, and the dismissal with prejudice of all claims against Defendant Westlake and its current and former officers, board members, agents, attorneys, representatives, heirs and assigns.

The Settlement Agreement further provided:

> In consideration of the total sum of [$300,000.00] ("the Settlement Amount") from Defendant, the receipt and sufficiency of which is hereby acknowledged by Plaintiff, and in consideration of the mutual agreements, conditions, representations, warranties, recitals, covenants and statements of intention contained herein, Plaintiff, Alan W. Nalle, Sr. hereby accepts the above-referenced payment in full settlement, compromise and release of all claims as [sic] arising out of

4

or in connection with the Lawsuit, pursuant to this Settlement Agreement, against Defendant Westlake Oaks Property Owners Association, Inc.

The trial court then signed an Agreed Order Dismissing with Prejudice, which provided that:

> All claims against Defendant Westlake Oaks Property Owners Association, Inc. and its current and former officers, board members, agents, attorneys, representatives, heirs, and assigns are **DISMISSED, With Prejudice.**

(emphasis in original).

Nearly eighteen months after the agreed dismissal order, Nalle filed this lawsuit against Hale. Nalle alleged claims of fraud and breach of contract against Hale in her individual capacity. Nalle alleged that Hale "could not have signed the variance acting within her authority, if any." Nalle sought recovery of the following damages:

> 39. As a direct and proximate result of the Defendants' [sic] fraud Defendant caused injury to [Nalle]. [Nalle] is therefore entitled to recover for any diminishment of his property's fair market value, and for the loss of intrinsic value of [Nalle's] damaged property, physical damage to the [Nalle's] property, along with loss of use and enjoyment of his property, personal injuries, past and future, harm to [Nalle's] health, and harm to [Nalle's] peace of mind in the use and enjoyment of his property.
>
> 40. [Nalle] has sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendant described hereinabove, including but not limited to:
>
> 41. Actual or economic damages for at least $1,000,000.00, and
>
> 42 Special or consequential damages to be determined by a jury; and
>
> 43. Additional damages for loss of use and enjoyment of his property; and

5

44.     Pleading further, and alternatively, if necessary, Defendant is guilty of misconduct which was committed in reckless and callous disregard of the legitimate rights of [Nalle] so far as to justify the imposition of exemplary damages.  [Nalle] seeks recovery of such exemplary damages from Defendant.

Hale filed an answer and asserted a counterclaim against Nalle.  Hale moved for summary judgment arguing that Nalle's claims were barred by the doctrines of res judicata, the one satisfaction rule, and the election of remedies.  Hale also included a request for sanctions in her motion.  The trial court granted Hale's motion for summary judgment on Nalle's claims against her without specifying the grounds.  Hale then non-suited her counterclaim.  The trial court denied Hale's request for sanctions in a separate order.  The trial court subsequently signed an order of nonsuit making the summary judgment final.  This appeal followed.

## ANALYSIS[1]

Nalle challenges the trial court's summary judgment in a single issue with multiple sub-parts.  Because we conclude Nalle's claims against Hale are barred by application of the one satisfaction rule affirmative defense, we need not address the remainder of Nalle's arguments raised in this appeal.  *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989) ("When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.").

---

[1] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to our court. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3.

## I.  Standard of Review

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A genuine issue of material fact exists if the nonmovant produces more than a scintilla of probative evidence regarding the challenged element. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A defendant moving for traditional summary judgment on an affirmative defense must conclusively establish each element of that affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## II.  The one satisfaction rule bar's Nalle's lawsuit against Hale.

"The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991); *see also Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000). Under this rule, a plaintiff is entitled to one recovery for damages suffered when multiple defendants commit the same act as well as when multiple defendants commit technically different acts resulting in a single injury. *Casteel*, 22 S.W.3d at 390; *see El Paso Natural Gas Co. v. Berryman*, 858 S.W.2d 362, 364 (Tex. 1993) (per curiam) ("The one satisfaction rule provides that a party which suffers but one injury can recover only one satisfaction for damages arising

7

from that injury."). Because the rule focuses on whether the plaintiff has suffered a single, indivisible injury and not the alleged causes of action, the rule can apply to both tort and contract claims. *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 113–15 (Tex. 2018). A trial court can grant summary judgment based on application of the one satisfaction rule. *See El Paso Natural Gas Co.*, 858 S.W.2d at 363 ("Because we find Berryman's claims barred by the one satisfaction rule and collateral estoppel, we reverse the judgment of the court of appeals and affirm the [summary] judgment of the trial court.").

As detailed above, Nalle filed two lawsuits wherein he sought to recover the same damages allegedly caused his neighbor was granted a variance from two different defendants: Westlake and Hale. Nalle's alleged damages all related to the allegedly negative impact the variance had on Nalle's property and his use and quiet enjoyment of that property. Nalle accepted $300,000 in full and final settlement of his claims against Westlake "in any way related to, based upon, or arising out of any of the facts, events, occurrences, circumstances, acts, omissions, transactions, or relationships that he described in his Second Amended Petition." In addition, Nalle expressly settled his claims for "**all** monetary damages, statutory or exemplary damages, attorney's fees, court costs, and interest." (emphasis added)

Hale moved for summary judgment on Nalle's claims against her. *See* Tex. R. Civ. P. 166a(b). Hale attached the Westlake Settlement Agreement as evidence to her motion for summary judgment. It is undisputed that the settlement amount was paid to Nalle. We hold that, as a result of the full and final settlement of Nalle's claims against Westlake, Hale proved as matter of law that Nalle is barred by the one satisfaction rule from recovering the same damages against her. *See Brewer & Pritchard, P.C. v. AMKO Resources, Intern., LLC*, No. 14-13-00113-CV, 2014 WL 3512836, at *6 (Tex. App.—Houston [14th Dist.] July 15, 2014, no

8

pet.) (holding that because judgment creditor suffered only one injury, the one satisfaction rule barred judgment creditor's claims against second defendant because judgment creditor accepted settlement payment from first defendant in "full satisfaction of the judgment").

In an effort to avoid this result, Nalle, citing *Cohen v. Arthur Andersen, L.L.P.*, 106 S.W.3d 304, 310 (Tex. App.—Houston [1st Dist.] 2003, no pet.), argues the one satisfaction rule is inapplicable because it does not apply to claims for punitive or exemplary damages. While it is true that the one satisfaction rule is often inapplicable to punitive damage awards, here, Nalle chose to fully settle his claims for both compensatory damages and exemplary damages arising out of Westlake granting his neighbor a variance when he executed the Westlake Settlement Agreement. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 482 (Tex. 2017) ("Freedom of contract is a policy of individual self-determination; individuals can control their destiny and structure their business interactions through agreements with other competent adults of equal bargaining power, absent violation of law or public policy."); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 (Tex. 2004) ("As a rule, parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy.").

There is no dispute that Nalle received the full settlement amount. It is these two facts, settlement of all claims and full payment, that take this case out of the general rule. *See El Paso Natural Gas Co.*, 858 S.W.2d at 364 (holding that because the full settlement amount had been paid to the plaintiff by one defendant, the one satisfaction rule extinguished plaintiff's claims against second defendant). As a result of this contractual agreement, the one satisfaction rule bars Nalle's claims against Hale. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 928 (Tex. 1998) (recognizing that one satisfaction rule can apply to settlement agreements

9

resolving claims for actual and punitive damages). Having determined that Hale proved as a matter of law that the one satisfaction rule bars Nalle's claims against her, we need not address the remainder of the arguments Nalle raised in his single issue on appeal. *See* Tex. R. App. P. 47.1. We overrule Nalle's issue on appeal.

## CONCLUSION

Having overruled Nalle's single issue on appeal, we affirm the trial court's judgment.


/s/     Jerry Zimmerer
        Justice


Panel consists of Justices Zimmerer, Spain, and Hassan.