**Edwin I. ADUDDELL, Petitioner,**

v.

**Weldon PARKHILL, Henry B. Parkhill, David C. Cowden, et al., Respondents.**

No. D–0666.

Supreme Court of Texas.

Nov. 20, 1991.

Rehearing Overruled Feb. 5, 1992.

David W. Townend, Garland, for petitioner.

David C. Cowden, Grand Prairie, Gerald C. Conley, Alan N. Greenspan, Dallas, for respondents.

OPINION

CORNYN, Justice.

On April 24, 1983, Edwin I. Aduddell (Aduddell) underwent a medical screening which resulted in a diagnosis of asbestosis. Thereafter, in mid–1983, Aduddell contacted Weldon Parkhill, an attorney with the law firm of Parkhill, Parkhill, Cowden & Runge, to make a claim against several asbestos manufacturers for his asbestos-related injuries. The firm, however, did not file the lawsuit in federal district court until May 20, 1985. A United States District Judge ultimately rendered judgment for the asbestos manufacturers on February 2, 1987, holding that Aduddell's suit

was barred by the two year statute of limitations. Aduddell appealed that judgment to the Court of Appeals for the Fifth Circuit, which affirmed the trial court's judgment, and then to the United States Supreme Court, which denied writ of certiorari in February 1988.

Aduddell filed this malpractice suit against his former attorneys on June 22, 1988, alleging violations of the "laundry list" and breaches of express and implied warranties under the DTPA and for negligence. After the issues were joined, the defendants moved for summary judgment on the ground that the suit was barred by the two-year statutes of limitations governing negligence and DTPA claims. TEX. CIV.PRAC. & REM.CODE § 16.003(a); TEX.BUS. & COM.CODE § 17.565. Aduddell filed a response to the motion and a third amended petition which pleaded the discovery rule, but the defendants successfully moved to strike Aduddell's third amended petition claiming it was untimely under Texas Rules of Civil Procedure 4 and 63, and Rule 1.9 of the Dallas Civil Court Rules. After a hearing, the trial court granted the defendants' motions for summary judgment.

The court of appeals affirmed the summary judgment, holding that when the plaintiff fails to timely plead the discovery rule, the legal injury rule applies in determining when a negligence cause of action accrues, and when the statute of limitations begins to run under section 16.003(a) of the Texas Civil Practice and Remedies Code. The court of appeals held that Aduddell's legal injury in the malpractice case occurred on April 24, 1985, two years after he was diagnosed with asbestosis.

The defendants argue that Aduddell's malpractice cause of action accrued as early as April 24, 1985, the date that the statute of limitations ran on Aduddell's underlying cause of action. However, we express no opinion on this issue. Today, in *Hughes v. Mahaney*, 821 S.W.2d 154 (Tex. 1991), we announce a new rule tolling limitations until all appeals of the underlying claim are exhausted when an attorney allegedly commits malpractice while providing legal services in the prosecution or defense of a claim which results in litigation. Because that tolling provision also applies to the facts of this case, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.