**GULF COAST INVESTMENT CORPORATION,**
Petitioner,

v.

**Charles A. BROWN and Brown & Shapiro, Respondents.**

No. D–1518.

Supreme Court of Texas.

Dec. 4, 1991.

Rehearing Overruled Feb. 12, 1992.

Mary E. Wilson, Sharon Jaffer, Houston, for petitioner.

Sam A. Houston, Houston, for respondents.

## PER CURIAM.

We consider whether the tolling rule announced in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex.1991) and *Aduddell v. Parkhill*, 821 S.W.2d 158 (Tex.1991), applies when an attorney's malpractice results in a wrongful foreclosure action by a third-party against a client. We hold that it does.

Gulf Coast Investment Corporation (GCIC) hired Brown & Shapiro (Brown) to conduct a non-judicial foreclosure sale of real property owned by Thomas and Darlene Smith (Smiths). On June 2, 1987, the sale was held. On August 1, 1987, an attorney for the Smiths informed GCIC that the sale was invalid due to improper notice. The Smiths filed a wrongful foreclosure action against GCIC on September 30, 1987. GCIC hired a new attorney and, on October 22, 1987, filed an answer. On May 12, 1989, judgment was rendered

against GCIC. Shortly thereafter, Smith and GCIC entered into a settlement agreement.

On November 2, 1989, GCIC filed this legal malpractice action against Brown. Brown moved for summary judgment on the ground that GCIC's action was barred by limitations. The trial court granted Brown's motion for summary judgment. The court of appeals affirmed, holding that under the legal injury rule, GCIC's cause of action for legal malpractice accrued on September 30, 1987, when the Smiths sued GCIC. 813 S.W.2d 218.[1]

■ When an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted. *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex.1991); *Aduddell v. Parkhill*, 821 S.W.2d 158, 159 (Tex.1991). We see no reason why the tolling rule announced by this court in *Hughes* and *Aduddell* should not apply when the attorney's malpractice results, not in an appeal on the underlying claim, but in a wrongful foreclosure action by a third-party against the client. *See Hughes*, 821 S.W.2d at 157 ("Limitations are tolled for the second cause of action because the viability of the second cause of action depends on the outcome of the first.").

■ Therefore, we hold that when an attorney's malpractice in conducting a non-judicial foreclosure sale of real property results in a wrongful foreclosure action against the client, the statute of limitations on the malpractice claim is tolled until the wrongful foreclosure action is finally resolved.

Accordingly, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the application for writ of error of Gulf Coast Investment

---

1. GCIC asserted a second cause of action against Brown relating to the wrongful foreclosure on real property owned by Steven and Joyce Katona. The court of appeals reversed the summary judgment as it related to the second cause of action because it was not expressly presented to the trial court. 813 S.W.2d at 221–22. Brown has not appealed this portion of the judgment and we express no opinion concerning this issue.

Corporation and, without hearing oral argument, reverses that portion of the judgment of the court of appeals concerning Thomas and Darlene Smith and remands this cause to the trial court for further proceedings consistent with this opinion.