**Paul B. UNDERKOFLER, Jr. and Goins, Underkofler, Crawford & Langdon, Petitioners,**

v.

**Hugh F. VANASEK, Respondent.**

**No. 99–0557.**

Supreme Court of Texas.

Argued on Oct. 11, 2000.

Decided March 1, 2001.

C. Rodney Acker, Robert B. Gilbreath, Stefani I. Silverberg, Jenkens & Gilchrist, Dallas, Mike A. Hatchell, Hatchell P.C., Tyler, for petitioners.

Robert D. Lybrand, Turner & Lybrand, Coppell, for respondent.

Justice HANKINSON delivered the opinion of the Court.

In this legal-malpractice case we answer two statute-of-limitations questions: First, whether the statute of limitations has run on the client's common-law claims; second, whether the statute has run on the client's Deceptive Trade Practices Consumer Protection Act claims. The trial court granted summary judgment for the attorneys on all claims. The court of appeals reversed and remanded as to all claims except breach of implied warranty under the DTPA. 50 S.W.3d 1. In accord with our

decision announced today in *Apex Towing Co. v. Tolin,* 41 S.W.3d 118 (Tex.2001), we affirm the court of appeals' judgment that the client's common-law claims in this case were timely filed under the tolling rule of *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154 (Tex.1991). We also affirm its judgment that the attorneys were not entitled to summary judgment on the basis that the client's settlement of the underlying case eliminated any claim for damages. However, we reverse the court of appeals' judgment remanding the DTPA claims, and hold that the *Hughes* rule does not toll the statute of limitations incorporated into the DTPA. Accordingly, we affirm the court of appeals' judgment in part and reverse and render judgment in part that Respondent take nothing on his DTPA claims.

Respondent Hugh Vanasek hired petitioners Paul Underkofler and his law firm, Goins, Underkofler, Crawford & Langdon (collectively, "Underkofler"), to pursue recovery on a note against the maker, a limited partnership, and against its partners as guarantors. A nonjury trial began on June 6, 1991. That same day, the trial court ordered the parties to mediation, which was ultimately unsuccessful. The record indicates that throughout the spring and fall of 1991, Vanasek had concerns about Underkofler's representation and ability to handle the lawsuit. Two of the defendants filed for bankruptcy in late 1991. Vanasek wrote a letter to one of Underkofler's partners on April 7, 1992, outlining his complaints about Underkofler. Underkofler then filed a motion to withdraw from the case, which the trial court granted on May 22, 1992. After Underkofler withdrew, Vanasek hired another attorney to represent him in that lawsuit. After an almost three-year recess, trial resumed on April 29, 1994. Trial was again recessed and reset several times. Vanasek eventually settled with some of the defendants. The trial court finally rendered judgment on the settlement agreement and against the several remaining defendants, who did not appear for trial, on September 23, 1994.

Before the parties reached the settlement agreement, on April 6, 1994, Vanasek sued Underkofler for malpractice, alleging negligence, gross negligence, breach of contract, breach of implied and express warranties, and DTPA violations. Underkofler moved for summary judgment on a number of grounds, including that limitations barred all of Vanasek's claims and that Vanasek's settlement of the underlying case eliminated any claim for damages. The trial court granted Underkofler's motion. The court of appeals affirmed the summary judgment for Underkofler regarding Vanasek's breach of implied warranty claim under the DTPA, but reversed and remanded as to all the remaining claims. 50 S.W.3d at 15. On the common-law claims, the court held, among other things, that *Hughes* tolled limitations "until there was a final judgment or other resolution in the underlying litigation." 50 S.W.3d at 14. It further determined, with one justice dissenting, that limitations on the remaining DTPA claims should also be tolled because the policy reasons behind *Hughes* likewise applied to those claims. 50 S.W.3d at 14. The court also determined that Underkofler had not conclusively proved that Vanasek's settlement of the underlying suit had eliminated any claim for damages. Underkofler filed this petition for review, challenging the court of appeals' application of the *Hughes* tolling rule to the claims in this case and the court's ruling on the effect of the settlement.

■ With regard to Vanasek's common-law malpractice claims, for the reasons we explain today in *Apex Towing Co. v. Tolin,*

41 S.W.3d 118 (Tex.2001), the court of appeals in this case correctly held that *Hughes* applies to this case. As we further explain in *Apex*, 41 S.W.3d at 121, and the court of appeals also correctly noted in this case, continued representation by the malpractice defendant is not a requirement under *Hughes*. 50 S.W.3d at 13–14. Vanasek's malpractice claims arise out of the underlying litigation on the note. Under *Hughes*, limitations was therefore tolled until the underlying litigation was concluded by the trial court's rendition of a final judgment, which was not appealed, on September 23, 1994. Vanasek's April 6, 1994 malpractice suit was thus timely filed.

■ We also agree with the court of appeals that Underkofler was not entitled to summary judgment on the basis that Vanasek's settlement of the underlying case eliminated any claim for damages. The settlement did not include all the defendants, and part of Vanasek's malpractice claim is that the delay occasioned by the adjournment of the trial permitted two defendants to file for bankruptcy, which contributed to his agreeing to a less favorable settlement. As the court of appeals explained, these facts do not support Underkofler's position that he conclusively established that all of Vanasek's damages were speculative as a matter of law or that as a matter of law Vanasek has conclusively received full satisfaction for his injury by settling the underlying case. *See* 50 S.W.3d at 10.

■ We cannot agree with the court of appeals, however, that the common-law rule we adopted in *Hughes* also applies to Vanasek's DTPA claims.[1] The Legislature has adopted a specific statute of limitations for DTPA claims, and has included only two exceptions to the general rule that limitations begins to run on the date the wrongful act occurred, a discovery rule and a fraudulent concealment rule:

All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation provided in this section may be extended for a period of 180 days if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action.

TEX.BUS. & COM.CODE § 17.565. We defer to the Legislature's explicit policy determination that only two exceptions apply to the statute of limitations for these statutory claims, and we will not rewrite the statute to add the *Hughes* tolling rule as a third.

We must also address *Aduddell v. Parkhill*, 821 S.W.2d 158 (Tex.1991), issued the same day we issued *Hughes*. In *Aduddell*, we did apply *Hughes* to a legal-malpractice case alleging common-law negligence and DTPA claims. (In fact, in *Hughes* the client also alleged DTPA violations, but did not challenge on appeal the trial court's summary judgment for the attorneys on

---

**1.** We note that in 1995 the Legislature amended the DTPA to exclude from its purview claims for damages based on "the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill." TEX. BUS. & COM.CODE § 17.49(c). Because Vana-

sek's claims accrued before September 1, 1995, the effective date of the amendment, and he filed his claims before September 1, 1996, the amendment does not apply to those claims. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 414, § 20(b), 1995 Tex.Gen.Laws 3004.

those claims. 821 S.W.2d at 156 n. 3.) The extent of our analysis in *Aduddell* was:

> Today, in *Hughes v. Mahaney,* 821 S.W.2d 154 (Tex.1991), we announce a new rule tolling limitations until all appeals of the underlying claim are exhausted when an attorney allegedly commits malpractice while providing legal services in the prosecution or defense of a claim which results in litigation. Because that tolling provision also applies to the facts of this case, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

821 S.W.2d at 159. In light of the brevity of our analysis in *Aduddell,* and our conclusion today that the Legislature has circumscribed the exceptions to limitations for DTPA claims, we overrule *Aduddell* to the extent it applied *Hughes* to DTPA claims.

As we have concluded that the *Hughes* tolling rule does not apply to Vanasek's DTPA claims, we must apply the limitations section of the DTPA to determine if those claims were timely filed. *See* Tex.Bus. & Com.Code § 17.565. Underkofler is entitled to summary judgment on proof that Vanasek did not file his lawsuit within the statutory limitations period. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748–49 (Tex.1999); *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990). Underkofler's summary judgment evidence establishes that throughout the spring and fall of 1991, Vanasek was aware of and expressed his specific complaints about Underkofler's representation, which complaints form the basis of his DTPA claims. Vanasek did not file his malpractice claims until April 6, 1994. Summary judgment in favor of Underkofler and his firm on these claims was therefore proper.

Accordingly, we affirm the court of appeals' judgment remanding Vanasek's common-law claims, but reverse the court of appeals' judgment on his DTPA claims and render judgment that he take nothing on those claims.