In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00151-CV
____________

DEBRA FAYE RASHTI COHEN, DONNA KAYE RASHTI, DENISE JAYE
RASHTI, AND MICHAEL RASHTI, Appellants

V.

ARTHUR ANDERSON, L.L.P., BRADLEY A. ROE, TED E. MCELROY,
AND D. STEPHEN GODDARD, Appellees




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 98-18045 




O P I N I O NThis is an appeal from two orders granting appellees’ motion for summary
judgment with respect to fraud, conspiracy, and negligent misrepresentation claims. 
In five points of error, appellants contend that the trial court erred in rendering
summary judgment because : (1) they produced sufficient summary judgment
evidence to create a fact issue on (a) whether they justifiably relied on appellees’
representations, (b) whether they suffered damages as a result of their justifiable
reliance on appellees’ representations, and (c) whether appellees and settling
defendant conspired to misappropriate funds from the appellants’ trusts; (2) expert
testimony is not required for a negligent misrepresentation claim; and (3) the one
satisfaction rule is not applicable. We affirm.
Background
          Plaintiffs/appellants, Debra Faye Rashti Cohen, Donna Kaye Rashti, Denise
Jaye Rashti, and Michael Rashti, the children, sued their parents, Dr. Edward Rashti
and his wife, Bonell, appellants’ parents, in trial cause number 98-18045 for (1)
fraud, (2) breach of fiduciary duty, (3) conversion, (4) breach of contract, and (5)
conspiracy. The children also sued defendants/appellees, Arthur Andersen L.L.P,
Bradley A. Roe, Ted E. McElroy, and D. Stephen Goddard, in trial cause number 98-47752 for (1) negligent misrepresentation, (2) fraud, and (3) conspiracy. The cause
of actions were consolidated. Andersen filed a motion for summary judgment
alleging that it was entitled to judgment as a matter of law as to the negligent
misrepresentation, fraud, and conspiracy claims, and alleging that the children had
presented no evidence of reliance or damages. The children filed a response to this
motion, and Andersen filed a reply to the response. On April 10, 2001, the trial court
granted Andersen’s motion for summary judgment with respect to the fraud and
conspiracy claims. The children then settled the suit against their parents. Andersen
then filed a supplemental motion for summary judgment, a no-evidence motion for
summary judgment, and a motion for application of settlement credit. The children
responded to this motion, and Andersen replied to the children’s response with
objections to the children’s summary judgment evidence. On January 11, 2002, the
trial court granted Andersen’s motion for summary judgment with respect to the
negligent misrepresentation claim, and sustained Andersen’s objections to the
children’s summary judgment evidence.Standard of Review
          A movant in a traditional summary judgment has the burden to establish that
there are no genuine issues of material fact and that it is entitled to judgment as a
matter of law. Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). One way a
movant satisfies this requirement is by proving conclusively that the nonmovant
cannot prevail by showing that at least one element of the movant’s cause of action
has been conclusively established against him. Bradt v. West, 892 S.W.2d 56, 65
(Tex. App.—Houston [1st Dist.] 1994, writ denied) (citing Gray v. Bertrand, 723
S.W.2d 957, 958 (Tex. 1987)). A matter is conclusively established for summary
judgment purposes if ordinary minds cannot differ regarding the conclusion to be
drawn from the evidence. Bradt, 892 S.W.2d at 65. When a movant conclusively
negates a necessary element of the nonmovant’s claim, the nonmovant, to avoid
summary judgment, must then introduce evidence that raises a fact issue on the
element the movant is trying to negate. Id. If the nonmovant fails to introduce such
evidence, i.e., if the summary judgment evidence establishes that there are no genuine
issues of material fact, then summary judgment is proper. Id. 
          A no-evidence motion for summary judgment is proper when there is a
complete absence of evidence of one or more essential elements of a claim or defense
on which an adverse party has the burden of proof at trial. Tex. R. Civ. P. 166a(i);
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The motion
must state the elements as to which there is no evidence. Id. 
          In reviewing a summary judgment, we assume all the evidence favorable to the
nonmovant is true, indulge every reasonable inference in favor of the nonmovant, and
resolve any doubts in favor of the nonmovant. Ernst & Young, L.L.P. v. Pacific Mut.
Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001). When the trial court’s summary
judgment order does not specify the ground or grounds on which summary judgment
is granted, we will affirm the summary judgment if any of the grounds stated in the
motion is meritorious. Id. (citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989)).
 
Fraud
          In their first and second points of error, the children contend that produced
sufficient summary judgment evidence to create a fact issue on (a) whether they
justifiably relied on appellees’ representations, and (b) whether they suffered damages
as a result of their justifiable reliance on appellees’ representations, with regard to
their fraud claim. In its first motion for summary judgment, Andersen alleged, inter
alia, that the fraud claim had to be dismissed because there was no evidence that the
children justifiably relied on, or suffered damages as a result of, Andersen’s alleged
fraudulent representations. The children responded to the motion for summary
judgment, but they did not raise a fact issue with respect to the damage element of the
fraud claim. Subsequently, the trial court granted Andersen’s motion for summary
judgment with respect to the fraud claim.
          The children had the burden to prove that they suffered damages as a result of
Anderson’s alleged fraudulent representations. In the children’s response to the
motion for summary judgment, they did not provide evidence that raised a fact issue
as to the existence and amount of damages the children incurred with respect to the
fraud claim. Thus, the trial court did not err in rendering summary judgment for
Anderson.
          We overrule the children’s first and second points of error with respect to their
fraud claim.
Civil Conspiracy
          In their fourth point of error, the children contend that the trial court erred in
rendering summary judgment as to the conspiracy claim. To prevail on their
conspiracy theory, the children had to establish the following elements: (1) a
combination of two or more persons, (2) an object to be accomplished (an unlawful
purpose or a lawful purpose by unlawful means), (3) a meeting of minds on the object
or course of action, (4) one or more unlawful, overt acts, and (5) damages as the
proximate result. Ins. Co. of N. Am. v. Morris, 981 S.W.2d 667, 675 (Tex. 1998). In
its first motion for summary judgment, Andersen argued that the children’s
conspiracy claim was precluded as a matter of law because (1) there was no unlawful
act, and (2) Dr. Rashti’s affidavit negates any contention that Andersen and Dr.
Rashti agreed to defraud the children. In the affidavit, Dr. Rashti stated the
following:
I never asked Arthur Andersen to provide false information
to my children, nor did Arthur Andersen ever agree or
indicate to me that it would do so. . . . nor has it [Andersen]
ever assisted or conspired with me to defraud, deceive or
trick my children in any way. Similarly, I never asked
anyone at Arthur Andersen to do anything to harm my
children or their interests in the Trusts, nor did Arthur
Andersen ever agree or indicate to me that it would do so. 
                                         * * * * * 
Finally, I never conspired with Arthur Andersen to
commingle the Four Trusts’ funds with other funds. 
 
          When a movant conclusively negates a necessary element of the nonmovant’s
claim, the nonmovant, to avoid summary judgment, must then introduce evidence that
raises a fact issue on the element the movant is trying to negate. The children filed
a response to the motion for summary judgment, but they did not provide evidence
that raised a fact issue as to the existence of an agreement between Dr. Rashti and
Andersen to defraud the children.


 Therefore, the trial court did not err in rendering
summary judgment in favor of Andersen with respect to the conspiracy claim.
          We overrule the children’s fourth point of error.One Satisfaction Rule
          In its supplemental motion for summary judgment, Andersen argued, inter alia,
that as a matter of law the negligent misrepresentation claim must be dismissed under
the one satisfaction rule. In their fifth point of error, the children argued that the one
satisfaction rule was not applicable, and alternatively, if the one satisfaction rule was
applicable, that their damages were not entirely offset by the settlement. 
          The one satisfaction rule prohibits a plaintiff from recovering twice for a single
injury. Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 390 (Tex. 2000); Buccaneer
Homes of Alabama, Inc. v. Pelis, 43 S.W.3d 586, 589 (Tex. App.—Houston [1st
Dist.] 2001, no pet.). This rule applies when multiple defendants commit the same
act or when multiple defendants commit technically different acts that result in a
single injury. Crown Life, 22 S.W.3d at 390. “The nonsettling defendant is entitled
to offset any liability for joint and several damages by the amount of common
damages paid by the settling defendant, but not for any amount of separate or punitive
damages paid by the settling defendant.” Id. at 391-92. 
          The children contend that the one satisfaction rule is not a ground upon which
to grant a motion for summary judgment. See Byrd v. Woodruff, 891 S.W.2d 689, 702
(Tex. App.—Dallas 1994, writ denied). In Byrd, the Dallas Court of Appeals held
that application of a credit under the one satisfaction rule does not affect a nonsettling
party’s liability for its wrongful acts or the assessment of damages against the party. 
Id. The court concluded that any credit for settlements made by other alleged
tortfeasors must be applied after the trier of fact determines a party’s liability. Id. To
hold otherwise, the court reasoned, would mean that the nonsettling tortfeasor would
“unjustly reap a windfall from the settlements made by other settling tortfeasors.” Id.
          The children also rely on Vanasek v. Underkofler, 50 S.W.3d 1, 10 (Tex.
App—Dallas 1999, aff’d in part rev’d in part Underkofler v. Vanasek, 53 S.W.3d
343, 346 (Tex. 2001), to support their contention that the one satisfaction rule is not
a ground upon which to grant a motion for summary judgment. The children’s
reliance on Vanasek is misplaced. In Vanasek, the Dallas Court of Appeals stated, 
We conclude Underkofler has not shown that the one
satisfaction rule entitles him to summary judgment in this
case. . . . [E]ven if Underkofler [nonsettling defendant] is
entitled to a credit against any of his tort liability by the
amount of the settlement of Vanasek’s underlying contract
claims, we have already held that Underkofler has not
conclusively established that Vanasek received full
satisfaction for his injury by settling the underlying case. 
Absent such a determination, the application of the one
satisfaction rule would not bar Vanasek’s recovery, but
merely result in Underkofler receiving a credit against his
liability in the amount of Vanasek’s settlement. 
 
Vanasek, 50 S.W.3d at 10.
          The supreme court affirmed this holding stating,
Underkofler was not entitled to summary judgment on the
basis that Vanasek’s settlement of the underlying case
eliminated any claim for damages. . . . [T]hese facts do not
support Underkofler’s position . . . that as a matter of law
Vanasek has conclusively received full satisfaction for his
injury by settling the underlying case.
 
Underkofler v. Vanasek, 53 S.W.3d 343, 346 (Tex. 2001).
          If it was settled law that the one satisfaction rule is not a ground upon which
to grant a motion for summary judgment, then presumably the Dallas Court of
Appeals and the supreme court would have relied on it, not on the determination that
as matter of law the nonsettling party had not conclusively established that the
plaintiff received full satisfaction for his injury by settling the underlying case. 
Furthermore, the justification given by the Byrd court for holding that settlement
credits must be applied after the trier of fact determines the nonsettling party’s
liability, does not apply to the facts of this case. Byrd, 891 S.W.2d at 702
(concluding that “[o]therwise, a nonsettling tortfeasor would unjustly reap a windfall
from the settlements made by other settling tortfeasors.”). In Byrd, the court relied
on Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 9 (Tex. 1991), to support this
proposition. Byrd, 891 S.W.2d at 702. In Stewart Title, the timing of the application
of the settlement credit affected the amount of the punitive damages the nonsettling
party had to pay. Stewart Title, 822 S.W.2d at 8-10. If the credit was applied pre-trebling, the damages would be trebled at a lower rate than if the credit was applied
post-trebling. Id. The policy reasons for crediting settlement monies after the
damages have been trebled are not present in cases that do not involve statutory
trebling. In this case, because punitive damages are not at issue, applying the
settlement credit before the trier of fact determines the nonsettling party’s liability
will not affect the amount for which the nonsettling party will be liable and, thus, will
not enable the nonsettling party to “unjustly reap a windfall.” 
          Moreover, the Byrd opinion is inconsistent. The court first states that “any
credit for settlements made by other alleged tortfeasors must be applied after the trier
of fact determines a party’s liability.” Byrd, 891 S.W.2d at 702. However, the court
then analyzes the summary judgment evidence as it pertains to the Smilack
settlement, concludes that the one satisfaction rule applies, and holds that the
nonsettling defendant is entitled to a $4700 credit “against any adverse judgment that
might be entered against her as a result of Kassie’s [plaintiff’s] claims.” Id. The
court goes through the same steps of analyzing the evidence, determining whether the
one satisfaction rule applies, and if it does apply, holding that the nonsettling
defendant is entitled to a credit in the amount of the settlement. Id. at 702-03 The
court held that the nonsettling defendant was entitled to a credit for every settlement
except one. Id. Because the nonsettling defendant did not present any summary 
judgment evidence to support her ground of double recovery, i.e., there was no
evidence in the record that the plaintiff had ever received the $6000 Collin County
settlement payment, the court held that the nonsettling defendant was not entitled to
a credit for that amount. Id. at 703.
          Furthermore, in El Paso Natural Gas Co. v. Berryman, the supreme court held
that summary judgment was proper based on the one satisfaction rule and collateral
estoppel. 858 S.W.2d 362, 363 (Tex. 1993). The court stated that a finding that the
nonsettling defendant was the alter ego or the principal of the settling defendant
would make the nonsettling defendant jointly and severally liable for the damages
assessed against the settling defendant in Berryman I. Berryman, 858 S.W.2d at 364. 
“However, these claims are extinguished by the one satisfaction rule.” Id. The
settling defendant paid the plaintiff $20,013,020.22 in full settlement of his usury
damages, refund of principle paid, attorney’s fees and post-judgment interest. Id. 
“None of these damages, for which El Paso [nonsettling defendant] could be
derivatively liable if found to be the alter ego or principle of Development [settling
defendant], are left unsatisfied.” Id. 
          The one satisfaction rule is a ground for summary judgment in cases when (1)
the one satisfaction rule applies, (2) the settlement credit entirely sets-off the
maximum amount of liability claimed by the plaintiff, and (3) punitive damages are
not at issue. To hold otherwise, would be to encourage judicial inefficiency and we
will not do that.
          Having decided that the one satisfaction rule is a ground upon which summary
judgment can be granted, we apply it to this case. A nonsettling party seeking a
settlement credit has the burden to prove its right to such credit. Mobil Oil Corp. v.
Ellender, 968 S.W.2d 917, 927 (Tex. 1998). This burden includes proving the
settlement credit amount. The nonsettling party can meet this burden by placing the
settlement agreement or some evidence of the settlement amount in the record. Id. 
If the nonsettling party meets this burden, the burden shifts to the plaintiff to tender
a valid settlement agreement allocating the settlement between (1) damages for which
the settling and nonsettling defendant are jointly liable, and (2) damages for which
only the settling party was liable. Crown Life, 22 S.W.3d at 392. If the plaintiff
cannot satisfy this burden, then the nonsettling party is entitled to a credit equaling
the entire settlement amount. Ellender, 968 S.W.2d at 928.
          Andersen proved that it is entitled to a credit for any settlement amount
representing joint damages. The damages allegedly caused by Andersen were also
caused by Dr. Rashti. The children allege that Anderson made negligent
misrepresentations that covered up Dr. Rashti’s misappropriation of trust assets. The
children seek the value of the trust assets misappropriated. Although the causes of
action alleged are technically different, they resulted in a single injury, loss of trust
assets.


 Crown Life, 22 S.W.3d at 390. Andersen offered proof, in the form of a letter
written by the children’s counsel, that the settlement amount was at least $1,198,000.
          The children do not dispute that the settlement agreement covered at least
$1,198,000 in assets, but contend that the settlement credit should be reduced by 30%
because they owned 30% of the assets of EJR & Associates before the agreement. 
There is nothing on the face of the settlement agreement recognizing that the children 
already owned 30% of the assets of EJR & Associates. The children cite no authority
to support this theory of reduction. The children also contend that the value of the
Kirby lot should be $0 because they gave up the 30% present interest they owned
before the settlement agreement, in return for 100% of the remainder interest. The
children cite no authority to support this theory of reduction. Moreover, the children
contend that the settlement credit should be reduced by the amount of money they
spent on repairs and improvements to the Galveston House. Again, the children cite
no authority to support this theory of reduction. 
          Thus, the burden shifted to the children to tender a valid settlement agreement
allocating the settlement between (1) damages for which their parents and Andersen
are jointly liable and (2) damages for which only their parents are liable. See Crown
Life, 22 S.W.3d at 392. Because the settlement agreement does not make any
allocations, the children cannot satisfy their burden. Therefore, Andersen is entitled
to a credit equaling the entire settlement amount, i.e. $1,198,000. See Ellender, 968
S.W.2d at 928.
          The children concede that Andersen’s negligent misrepresentations, at most,
caused $994,000 in damages. Because the settlement credit entirely offsets the
maximum amount of damages the children claim to have suffered as result of
Andersen’s negligent misrepresentations, the trial court did not err in granting
summary judgment in favor of Andersen with respect to the negligent
misrepresentation claim.
          We overrule the children’s fifth point of error.
          Because our holding is dispositive, we decline to address appellants’ other
points of error.
 
 
 
Conclusion
          We affirm the trial court’s judgment.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Jennings, and Alcala.